IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY P. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-00598-N |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Timothy P. Baker brings this action seeking judicial review of a final decision of the Commissioner of Social Security that he was not entitled to a period of disability under Title II of the Social Security Act (the Act) from October 27, 2003 to November 4, 2004. On August 12, 2009, the parties consented to have the undersigned conduct all proceedings in this case (Doc. 34). Simultaneously, plaintiff filed a motion to waive oral argument and expedite the proceedings (Doc. 33). Thus, this action was referred (Doc. 35) to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. Upon consideration of the administrative record (Doc. 18), as supplemented (Doc. 22-2) and the parties' respective briefs (Docs. 27, 28), it is hereby **ORDERED** that plaintiff's motion to waive oral arguments and expedite the proceedings is hereby **GRANTED** and that the decision of the Commissioner be **AFFIRMED**.

I.   Procedural History.

Plaintiff filed an application for disability insurance benefits on October 24, 2005.

(Tr. 50, 71-73), alleging that his disability commenced on October 27, 2003 (Tr. 71). Plaintiff's application was denied and he requested a hearing before an administrative law judge ("ALJ"). (Tr. 61-66). On June 27, 2007, the ALJ issued a favorable decision in that he found that Plaintiff was entitled to a period of disability as of October 27, 2003 (Tr. 27).

On June 18, 2008, the Appeals Council notified Plaintiff that it had reopened[1] the ALJ's decision, determined that an error had been made in the decision, and proposed to issue a decision that Plaintiff was not entitled to a period of disability until November 4, 2004, rather than October 27, 2003. (Tr. 271-75). On August 6, 2008, the Appeals Council rendered a partially favorable decision in which it found that Plaintiff had engaged in substantial gainful activity between October 27, 2003 and November 4, 2004, and was not, therefore, entitled to a period of disability until November 4, 2004. (Tr. 18). The Appeals Council's decision is the final decision of the Commissioner. *See* 20 C.F.R. § 404.981 (2008). Plaintiff exhausted his administrative remedies and timely filed the present action for review pursuant to 42 U.S.C. § 405(g).

II.     Issue on Appeal.

Whether the Appeals Council erred by determining that the plaintiff's work activity between October 27, 2003, and November 4, 2004, constituted "substantial gainful activity."

III.    Factual Background.

---

[1] The Appeals Council may on its own initiative reopen a decision. *See* 20 C.F.R. § 404.987 (2008).

Plaintiff was born on April 1, 1959. (Tr. 41). He was 48 years of age at the time of the April 25, 2007 administrative hearing. (Tr. 41). He was 49 years of age on August 6, 2008, when the Appeals Council rendered its decision. Plaintiff has a Master's degree and past relevant work as a deputy sheriff/constable. (Tr. 42).

Plaintiff's earning records for 2003 indicate that he earned a total of $36,011.76 during 2003 ($3,000.98 per month). (Tr. 269). Plaintiff's earning records for 2004 indicate that he earned a total of $46,615.72 during 2004 ($3884.64 per month). (Tr. 269). The Appeals Council's decision states that the substantial gainful activity level in 2003 was $800.00 per month while in 2004 it was $810.00 per month. (Tr. 16).

A report of investigation completed by the Office of Personnel Management states:

> [Plaintiff] received one performance evaluation, in February of 2004, however he was only able to be rated on three of the five categories due to his injury status. Cudney rated him satisfactory rather than unsatisfactory in the relevant three categories, giving him the benefit of the doubt.

(Tr. 276). A Disability Report dated November 2, 2005, indicated that Plaintiff returned to work at the substantial gainful activity level in November 2003 and continued to work above substantial gainful activity levels through November 4, 2004. (Tr. 87). The report also recommended an onset of disability date of November 4, 2004. (Tr. 87).

In a Supervisor's Statement dated June 20, 2007, Plaintiff's supervisor indicated that Plaintiff had been unable to perform his job since October, 2003, and had been assigned temporary light duty pending a fitness for duty evaluation and a final decision on removal for medical inability. (Tr. 277-78). In a statement dated July 9, 2008, Joseph Paul, a non-attorney representative of the Plaintiff in a previous matter, stated that

"[Plaintiff] had been injured in 2003 and placed in a restricted assignment." (Tr. 281). He further indicated that Plaintiff was placed on administrative light duty and assigned administrative tasks of minor significance. (Tr. 281-82).

At the administrative hearing, Plaintiff testified that after his injury in October 2003, he was placed on light duty, prohibited from performing any physical activity, and allowed only to do desk work. (Tr. 46-47). He further testified that he had frequent absenteeism from work because of his injuries. (Tr. 47)[2]. On the Work Activity Report signed under oath by the Plaintiff on November 2, 2005, he stated that he received the same pay and "did other peoples paper work and they then did other things." (Tr. 103).[3]

---

[2] At the hearing Mr. Baker testified that he performed only desk work and was not required "to do any arrests or anything that would require any physical activity." Mr. Baker also testified that he missed approximately one third of each month due to "doctor's appointments, physical therapy, and some days just out of pain."

[3] Plaintiff argues that the Settlement Agreement (Doc. 22-2) entered into in June of 2007 between the Department of Homeland Security and the American Federation of Government Employees, acting on behalf of the Plaintiff, "contains a stipulation by the Department of Homeland Security that [Plaintiff] 'sustained on the job injuries in October of 2003 during FLETC training and has been unable to perform the essential functions of his position since October of 2003'." Plaintiff's Brief (Doc. 27) at 13. He further argues that this evidence was submitted to the Appeals Council on September 5, 2008. *Id*. Even to the extent this Settlement Agreement is not inconsistent with the other evidence of record before the Appeals Council, the Agreement itself contains the following stipulations which are contained in the Social Security Record:

> d.  That the terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis by the [Plaintiff], the Union, or any representative to seek or justify similar terms in a subsequent case.
>
> e.  That this Agreement may only be used as evidence in a later proceeding between the parties in which either of the parties alleges a breach of this Agreement or files a complaint, appeal or other action regarding the specific terms of this agreement. . . .

Doc. 22-2 at p. 5; Tr. 10.

IV.    Analysis

    A.    Standard of Review

Judicial review of the Commissioner's decision is "limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002), *citing* 42 U.S.C. § 405(g); Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988); McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988). "The Act dictates that the [Commisioner's] factual findings are conclusive if supported by 'substantial evidence'." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990), *citing* 42 U.S.C. § 405(g). This Court is not, therefore, free to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id. See also*, Turberville v. Astrue, 316 Fed.Appx. 891, 892 (11th Cir. 2009). Rather, this Court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Martin, 894 F.2d at 1529, *quoting*, Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*, *quoting* Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." Brady v. Heckler, 724 F.2d 914, 918 (11th Cir. 1984), *quoting*, Jones v. Schweiker, 551 F.Supp. 205 (D. Md. 1982). *See also*, Wilson, 284 F.3d at 1221

5

("Substantial evidence 'must do more than create a suspicion of the existence of the fact to be established'"), *quoting* McRoberts, 841 F.2d at 1080.

B.     Discussion.

There is no dispute between the parties that Plaintiff worked between October 27, 2003, and November 4, 2004.  The only dispute is whether plaintiff's work activity during that period constituted "substantial gainful activity."[4]

Substantial gainful activity is defined as work activity that involves significant physical or mental activities and that is done for pay or profit.  *See* 20 C.F.R. § 404.1572. The regulation further provides that work may be substantial even if an individual does less, or has less responsibility than when he worked before.  *Id*.  The regulation also provides that "[i]n evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity."  *See* 20 C.F.R. § 404.1574; Social Security Ruling (SSR) 83-33.  The average amount of earnings that an individual makes in a year is indeed the primary guide used by the agency in determining the existence of substantial gainful activity.  *See* 20 C.F.R. § 404.1574. According to the regulations, if Plaintiff worked for substantial earnings, the agency will find that Plaintiff engaged in substantial gainful activity.  *Id*.  The Program Operations Manual System (POMS) DI 10501.015 indicates that average monthly income over

---

[4] The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. See 20 CFR §§ 404.1520(a), 416.920(a). The steps are followed in order; however, if it a determination is made that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.  At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b).

$800.00 per month in 2003 and $810.00 per month in 2004 qualify as substantial gainful activity. *See* Stroup v. Barnhart, 327 F.3d 1258, 1262 (11th Cir. 2003)("While the POMS does not have the force of law, it can be persuasive.").

Despite Plaintiff's protestations to the contrary, substantial evidence of record supports the Appeals Council's determination that Plaintiff was engaged in substantial gainful activity from October 27, 2003, to November 4, 2004. As Plaintiff described his work activities after October 2003, it entailed doing significant mental duties (administrative work, answering the phone and doing paper work)(Tr. 47, 100, 103), and it was done for pay (Tr. 83, 103, 269). It was in his sworn statement dated November 2, 2005 (Tr. 97-104), that Plaintiff stated "I was put on light duty and told to answer the phones" (Tr. 100) and "I. . . did other peoples paper work and they then did other things" (Tr. 103).[5] In that same sworn statement, Plaintiff did not check the boxes which would have indicated that he "needed help and got special help from other workers in doing [his] job"; that he "was allowed to work at a lower standard of productivity"; or that he "worked irregular hours or took frequent rest periods." (Tr. 99)

Prior to his administrative hearing on April 25, 2007, Plaintiff had received a Notice of Disapproved Claim dated January 17, 2006 (Tr. 62-66) which contained the

---

[5]The regulations also provide: "If your duties require use of your experience, skills, supervision and responsibilities, or contribute substantially to the operation of a business, this tends to show that you have the ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(a). Inasmuch as the record reflects that Plaintiff has a Master's degree (Tr. 42), was working towards his PhD (Tr. 276) and stated that, in this law enforcement job, he did other peoples paperwork without assistance so that they could do other things, substantial evidence in support of the Appeals Council's decision unquestionably existed. *Id*.

7

following information:

> INFORMATION ABOUT SUBSTANTIAL WORK
>
> Generally, substantial work is physical **or mental work you are paid to do.**  Work can be substantial even if it is part-time.  To decide if your work is substantial, we consider the nature of the job duties, the skills and experience you need to do the job, and how much you actually earn.
>
> Usually, we find that your work is substantial if your gross earnings average over $830 per month after we deduct allowable amounts.  This monthly amount is higher for Social Security disability benefits due to blindness.
>
> Your work may be different than before your health problems began.  It may not be as hard to do and your pay may be less.  However, we may still find that your work is substantial under our rules.

(Tr. 66) (emphasis added).  Nonetheless, Plaintiff merely testified at the hearing that "they allowed me to do only desk work [and] didn't require me to do any arrests or anything that would require physical activity."  (Tr. 47).  There is no evidence in the record which would call into question either Plaintiff's mental functioning capacity or the necessity to apply such uncompromised mental functioning capacity to the desk work performed by the Plaintiff from October 27, 2003 to November 4, 2004, without the assistance of any other co-worker.  Furthermore, Plaintiff's performance evaluation in February of 2004, indicated that he was performing at a satisfactory level in three of the five categories subject to evaluation. (Tr. 276).  *See*, <u>Martinez v. Comm'r of Soc. Sec.</u>, 132 Fed.Appx. 310, 312 (11th Cir. 2005)(unpublished)("Satisfactory work performance may show that work is being done at the substantial gainful activity level."); 20 C.F.R. 404.1573(b) ("If you do your work satisfactorily, this may show that you are working at

the substantial gainful activity level.").

In addition, Plaintiff's earning records reflect average monthly earnings of $3000.98 during 2003 and average monthly earnings of $3884.64 for 2004. Consequently, Plaintiff's earnings during 2003 exceed by $2200.98 per month the $800 per month level considered to constitute substantial gainful activity under the applicable regulations. Plaintiff's earning during 2004 exceed by $3074.64 per month the $810 per month level then considered to constitute substantial gainful activity.

Based upon Plaintiff's own description of his work, his average monthly earnings for 2003 and 2004, and his satisfactory performance evaluation, the Appeals Council properly determined that Plaintiff's work activities from October 27, 2003 to November 4, 2004 met the definition of substantial gainful activity. 20 C.F.R. §§ 404.1572, 404.1574; POMS DI 10501.015; Johnson v. Sullivan, 929 F.2d 596, 598 (11th Cir. 1991)("Earnings reported on income tax returns raise a presumption that the taxpayer was gainfully employed, but the presumption is rebuttable.").

Plaintiff's contention that his work activities should not be considered substantial gainful activity because he worked under special conditions, namely fewer or easier duties such as administrative work, answering phones, performing paperwork and tolerance of his frequent absences, is without merit. The regulations provide that work may nonetheless be substantial even if the individual does less or has less responsibility than he did before, and that the agency will not decide whether an individual is performing substantial gainful activity solely based on the time spent at work. *See* 20

C.F.R. §§ 404.1572(a), 404.1573(e) (An individual may be engaged in substantial gainful activity even if the work is performed under special conditions.)  As stated above, the evidence of record establishes that the Plaintiff engaged in work activities after October 2003, which entailed doing significant mental duties (administrative work, answering the phone and doing paper work for others so they could do other things)(Tr. 47, 100, 103), and was done for pay (Tr. 83, 103, 269) in monthly amounts far in excess of substantial gainful activity levels (Tr. 83, 269).  Plaintiff's work activities thus met the regulatory definition of substantial gainful activity.  20 C.F.R. § 404.1572.

Similarly, Plaintiff's contention that he worked in a subsidized environment is without merit.[6]  Work is considered to be subsidized only if the true value of an impaired individual's work, when compared with the same or similar work done by unimpaired persons, is less that the actual amount of earnings paid to an impaired individual.  *See* 20 C.F.R. § 404.1574(a)(2).  Plaintiff has failed to identify any evidence in this record which would indicate that, during the period in question, he was paid more than the reasonable value of the services he performed.

Finally, Plaintiff's reliance on Roberts v. Apfel, 27 F.Supp2d 1295 (N.D. Ala. 1998)[7], is unavailing.  Plaintiff's claim has not been denied on the basis that he could

---

[6] Plaintiff argues that as of October 27, 2003 he was "not performing the actual requirements of a real job" and as a result of his injuries "was no longer physically able to perform the law enforcement job duties for which he had been hired." (Doc. 27 at 8-9)

[7] In Roberts, the claimant testified that, after his health deteriorated to the point he could no longer perform the duties of an Assistant Superintendent for the public works department of a municipality, his employer allowed him to maintain that position at the same salary without performing any meaningful work as a superintendent. The District Court held that the ALJ erred

10

return to the work he was performing from October 27, 2003 to November 4, 2004. Rather, the only question in this case involves the *onset* date for the benefits he has been granted. Unlike the Roberts case, the evidence in this record establishes that Plaintiff's work activities entailed significant mental activities, *inter alia*, performing the paperwork of his fellow law enforcement officers so they could do other things, such as making arrests and the other physical activities Plaintiff could not perform. Consequently, unlike Roberts, the evidence in this record supports the conclusion that Plaintiff's work activities met the regulatory definition of substantial gainful activity between October 27, 2003 and November 4, 2004.

V.      Conclusion.

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner of Social Security that plaintiff's work activity between October 27, 2003, and November 4, 2004, constituted "substantial gainful activity" and thus denying the payments of benefits prior to November 4, 2004, is hereby **AFFIRMED** and that Plaintiff's appeal be **DENIED**.

DONE this 21st day of August 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

in concluding that the plaintiff was engaged in substantial gainful activity. Roberts involved the creation of a "fictional position ... to reward loyal service and as part of his retirement." Brown v. Barnhart, 410 F. Supp .2d 1287, 1299 (S.D.Fla.2006). The situation in Roberts, which has been described as a "sheltered" work situation, is distinguishable from the case at hand, where Plaintiff's position accommodated his particular abilities. *See* id. at 1299-1300.